Filed 11/6/20  P. v. Sanchez CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERTO SANCHEZ,<br><br>    Defendant and Appellant. | B304584<br><br>(Los Angeles County<br>Super. Ct. No. BA457932) |

THE COURT:

Roberto Sanchez appeals the superior court's order terminating his probation following a contested probation violation hearing.  We appointed counsel to represent Sanchez on appeal.  After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record.

### PROCEDURAL BACKGROUND

Following his entry of a guilty plea, appellant was convicted on September 22, 2017, of assault with force likely to

cause great bodily injury.  (Pen. Code,[1] § 245, subd. (a)(4).)  He was placed on formal probation for 36 months.

On the People's motion filed August 19, 2019, appellant's probation was revoked based on appellant's commission of corporal injury to a cohabitant in violation of section 273.5, subdivision (a).  Following a contested probation violation hearing, appellant was found in violation and probation was revoked.  The superior court placed appellant on unsupervised probation with 297 days of jail time and a total of 297 days of custody credits.  The court also imposed a protective order.

## FACTUAL BACKGROUND

Appellant and Angela E. lived together for about 10 months in 2019.

On August 14, 2019, appellant and Angela got into an argument over Angela's cell phone use.  After accusing Angela of calling another man, appellant bit her on the stomach and pulled her hair.  The next day, Angela went to a clinic for an appointment with her psychologist.  Before the appointment, Angela met with victim advocates and disclosed appellant's attack.  Angela also told her psychologist what appellant had done.  Afterwards, the psychologist and social workers helped Angela leave the clinic through a back door to avoid appellant, who was in the waiting room.  The victim advocates drove Angela to the police station where she reported the incident.  Officers observed visible injury to Angela's abdomen, and noted she was shaking, fearful, and apologetic.  Angela reported that appellant had previously attempted to smother or strangle her, she had tried to leave appellant, and she was in fear for her safety.

---

[1] Undesignated statutory references are to the Penal Code.

At the probation violation hearing, Angela testified that appellant regularly accused her of infidelity and was verbally abusive; he often punched her, slapped her, scratched her, bit her, and pulled her hair.  And he frequently took her phone and threatened her to keep her from calling the police.

## DISCUSSION

Based on our examination of the entire record we are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

LUI, P.J.          ASHMANN-GERST, J.          CHAVEZ, J.

3